Filing # 132725003 E-Filed 08/16/2021 10:55:53 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY

CASE NO:

DELORIS RIGGINS,

    Plaintiff,

vs.

WALMART, INC. and DAVID FINCH.

    Defendants.    /

## COMPLAINT

COMES NOW Plaintiff, **DELORIS RIGGINS**, and sues Defendants, **WALMART, INC. and DAVID FINCH** and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, **DELORIS RIGGINS** is a natural person residing in Orange County, Florida.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

3. At all times material to this action, **WALMART, INC.** is a foreign corporation doing business in Orange County, Florida.

4. At all times material thereto, Defendant, **DAVID FINCH**, is a natural person residing in Orange County, Florida.

5. At all times material hereto, Defendant, **WALMART, INC.** was the owner and in possession of a certain business known as Walmart Neighborhood Market located at 2715 S. Orange Avenue, Orlando, Orange County, Florida, said business being that of a retail store, open to the general public, including the Plaintiff, **DELORIS RIGGINS** herein.

6. On or about August 4, 2020, Plaintiff, **DELORIS RIGGINS**, visited Defendants' premises located at the above address as a retail customer when she tripped and fell on a rug/floor mat located inside the store in the produce section causing her to sustain the injuries set forth.

7. At that time and place, Plaintiff, **DELORIS RIGGINS** was a business invitee and the Defendant's property, lawfully upon the premises of the Defendant, **WALMART, INC.** who owed Plaintiff, **DELORIS RIGGINS**, a duty to exercise reasonable care for her safety.

## COUNT I
## NEGLIGENCE OF WALMART, INC.

8. Plaintiff, **DELORIS RIGGINS**, reiterates and realleges Paragraphs 1 through 6 set forth herein.

9. On or about August 4, 2020, Plaintiff, **DELORIS RIGGINS**, visited Defendant's premises located at the above address as a retail customer.

10. At said time and place, Plaintiff, **DELORIS RIGGINS**, was a guest at the retail establishment, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for her safety.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

11. At said time and place, Defendant breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the rug/floor mat in the produce section of the store, thus creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently failing to inspect or adequately inspect the rug/floor in the produce section of the store, as specified above, to ascertain whether the rug was secured to the floor in the produce section of the store such that it could not constitute a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the rug/floor mat in the produce section of the store, when Defendant knew or through the exercise of reasonable care should have known that said rug/floor mat in the produce section of the store was unreasonably dangerous and that Plaintiff was unaware of same;

    d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the rug/floor mat in the produce section of the store, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

    e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the rug/floor mat in the produce section of the store for dangerous conditions;

    f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

    g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

    h) Negligently failing to act reasonably under the circumstances;

    i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

    j) Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

12. As a result, while Plaintiff was visiting Defendant's business, she tripped and fell on a rug/floor mat located inside the store in the produce section and sustained injuries as set forth.

13. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff, **DELORIS RIGGINS**, sues the Defendant, **WALMART, INC.** for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.01), plus interest and costs, and demands trial by jury on all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE AGAINST DEFENDANT, DAVID FINCH

14. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 7 above, and further states:

15. At all times material to this action Defendant, **DAVID FINCH**, was employed by Defendant, **WALMART, INC.** as a manager and was directly responsible for maintaining, managing, and operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

16. At all times material to this action, Defendant, **DAVID FINCH**, was directly responsible for executing Defendant, **WALMART, INC.'s** policies of store management and was personally involved in Defendant, **WALMART, INC.'s** previously described tortious

4

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

conduct and is therefore personally liable to Plaintiff. *White*, 918 So. at 358; *Orlovsky*, 405 So. 2d at 1364.

17. At all material times and by virtue of his position with Defendant, **WALMART, INC's**, Defendant, **DAVID FINCH**, owed Plaintiff a non-delegable duty to maintain the store in a reasonably safe condition and to warn Plaintiff of any latent dangers in the store, or on its premises and for supervising the employees working at said premises to ensure that they reasonably and safely maintained, inspected, and cleaned the subject premises consistent and in compliance with the Defendant, **WALMART, INC.'s** policies and procedures.

18. At said time and place, Defendant, **DAVID FINCH**, breached his duty owed to Plaintiff by committing one or more of the following omissions or commissions:

- k. Negligently failing to maintain or adequately maintain the rug/floor mat in the produce section of the store, thus creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

- l. Negligently failing to inspect or adequately inspect the rug/floor in the produce section of the store, as specified above, to ascertain whether the rug was secured to the floor in the produce section of the store such that it could not constitute a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

- m. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the rug/floor mat in the produce section of the store, when Defendant knew or through the exercise of reasonable care should have known that said rug/floor mat in the produce section of the store was unreasonably dangerous and that Plaintiff was unaware of same;

- n. Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the rug/floor mat in the produce section of the store, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

- o. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the rug/floor mat in the produce section of the store for dangerous conditions;

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

p. Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

q. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

r. Negligently failing to act reasonably under the circumstances;

s. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

t. Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community.

19. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earing, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, **DELORIS RIGGINS**, sues the Defendant, **WALMART, INC. and DAVID FINCH**, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

RESPECTFULLY submitted this **16th** day of August 2021.

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

/s/ Marcia Sampson
MARCIA SAMPSON, ESQUIRE
FBN: 1002604
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Phone: (407) 649-8856
Facsimile: (407) 572-0129
Primary email: msampson@forthepeople.com
Secondary email: rtornaperez@forthepeople.com
jillianmolina@forthepeople.com
Attorneys for Plaintiff

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)